UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNY ARAFILES,<br><br>          Plaintiff,<br><br>     v.<br><br>SAFEWAY, INC.,<br><br>          Defendant. | No. 2:24-cv-02801-TLN-SCR<br><br>ORDER |

Plaintiff is proceeding pro se in this action, which was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute. *See* 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted. The Court has also screened the complaint, and concludes that, for screening purposes only, Plaintiff's claims are sufficiently cognizable and will therefore direct service.

I.  SCREENING

**A.     Legal Standard**

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil

1

1 | Procedure.  Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short
2 | and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this
3 | court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled
4 | to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief
5 | sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.
6 | Fed. R. Civ. P. 8(d)(1).

7 | A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8 | *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the
9 | court will (1) accept as true all of the factual allegations contained in the complaint, unless they
10 | are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
11 | plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von
12 | Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert.
13 | denied*, 564 U.S. 1037 (2011).

14 | The court applies the same rules of construction in determining whether the complaint
15 | states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court
16 | must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must
17 | construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a
18 | less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the
19 | court need not accept the truth of legal conclusions cast in the form of factual allegations.  *See
20 | Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the
21 | elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*,
22 | 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

23 | To state a claim on which relief may be granted, the plaintiff must allege enough facts "to
24 | state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has
25 | facial plausibility when the plaintiff pleads factual content that allows the court to draw the
26 | reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at
27 | 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity
28 | ////

to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

### B.   The First Amended Complaint

Plaintiff's FAC names as a defendant Safeway, Inc. ECF No. 4 at 1.[1] Plaintiff asserts federal question jurisdiction and cites to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. ECF No. 4 at 2. Plaintiff also alleges violation of California's Unruh Civil Rights Act. *Id.* Plaintiff alleges he is a "disabled senior citizen" and describes his physical disabilities. *Id.* at 1. Plaintiff alleges that in August 2024, he patronized Safeway store #1769 in Stockton, California and encountered barriers to accessibility. *Id.* at 3. Plaintiff seeks injunctive relief and monetary damages. *Id.* at 6.

### C.   Analysis

Plaintiff's FAC (ECF No. 4) asserts a jurisdictional basis, contains a statement of his claim, and a request for relief. Plaintiff alleges violation of the ADA and the Unruh Act. To prevail on a Title III discrimination claim under the ADA, a plaintiff must show that: 1) he is disabled within the meaning of the ADA; 2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and 3) the plaintiff was denied public accommodations by the defendant because of his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). The Unruh Act has been described as "coextensive with the ADA," and in the disability context, "operates virtually identically to the ADA." *Id.* at 731. As the Unruh Act allows for monetary damages, "litigants in federal court in California often pair state Unruh Act claims with federal ADA claims." *Id.* The Court finds, for screening purposes only, that Plaintiff's claims are sufficiently cognizable and directs service.

## II. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

////

---

[1] Plaintiff has filed an original (ECF No. 1) and First Amended Complaint ("FAC") (ECF No. 4). The FAC is now the operative complaint.

2. Service of the First Amended Complaint (ECF No. 4) is appropriate for the following Defendant: Safeway Inc.

3. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.

4. The Clerk of the Court shall send Plaintiff the above: one USM-285, one summons, a copy of the First Amended Complaint (ECF No. 4), and an appropriate form for consent to trial by a magistrate judge.

5. Plaintiff is directed to supply the U.S. Marshal, **within 15 days** from the date this order is filed, all information needed by the Marshal to effect service of process, <u>and shall promptly file a statement with the court that said documents have been submitted to the United States Marshal</u>. The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in ¶ 2, above, at least:

    a. One completed summons;

    b. One completed USM-285 form;

    c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal;

    d. One copy of the instant order; and

    e. An appropriate form for consent to trial by a magistrate judge.

6. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on the Defendants within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

7. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

////
////
////
////

8. Failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

DATED: January 24, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE